IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNTIED STATES OF AMERICA,

      Plaintiff,

-vs-                                      Case No.  04-CR-80592-DT-01
                                            HON.  DENISE PAGE HOOD

SHERMAN JACKSON,

      Defendant.

_____/

## **OBJECTIONS TO PRESENTENCE REPORT**

      The Defendant, SHERMAN JACKSON, by his attorney, MICHAEL S. FRIEDMAN, states as follows by way of Objection to the Presentence Report filed in this cause:

      1.      The Defendant was charged and pled guilty to a 1 Count Indictment charging a violation of 18 USC § 922(g)(1) - Felon in Possession of Firearms.  The Indictment lists two shot guns, two rifles, a 9 mm pistol with a defaced serial number and ammunition.

      2.      The Presentence Report makes reference to information obtained from ATF reports and "the Probation Department's independent investigation".

      3.      Specifically, the Presentence Report refers to a "source of information" allegedly linking the Defendant to narcotic trafficking activities of another individual, Frederick Dye.  In paragraph 7 of the Report a conclusion is reached to the effect that the Defendant maintained a supply of firearms and explosives for the protection of this narcotics trafficking operation.  In addition to this conclusionary statement another reference to other offenses are statements that the Defendant was seen in possession of numerous firearms including a rifle and several hand guns which are not referred to in the Indictment.

      4.      Paragraph 10 of the Presentence Report also refers to the "source" allegedly viewing the Defendant and another individual being in the presence of approximately 175 grams of cocaine, two pounds of marijuana and two pistols.  These "facts" were neither charged nor admitted.

5. Two other paragraphs, numbers 15 and 17, make reference to information allegedly supplied by the "source" to the effect that the Defendant and the firearms he was storing were in connection with the Dye drug operation. Of the Presentence Report's ten paragraphs of information supplied by the "source", the above are the only references to the Defendant Jackson.

6. Paragraph 28 of the Report apparently concludes that the Defendant has a Base Offense Level of 20 because a number of M-80 devices were seized and these are claimed to be included within the language of 26 USC § 5845 (a). However, § 5845(a) refers to modified short barrel rifles or shotguns and "destructive devices". Destructive devices as defined in 26 USC § 5845(f) includes explosives such as bombs, grenades or similar devices, but specifically excludes items which are not designed for use as a weapon and devices which are re-designed for use as a pyrotechnic device. The M-80s are not mentioned in the Indictment nor did Defendant admit they were explosives. Accordingly, the Defendant's Base Offense Level of 20 is improper. Pursuant to § 2K2.1(a)(7) the Defendant should have a Base Offense Level of 12.

7. Paragraph 9 of the report concluded that the Defendant possessed between 25 to 100 firearms, when in fact the report indicates that only five firearms were discovered along with 41 M-80s. Pursuant to § 2K2.1(b) there should be a 2 level increase since only five firearms were possessed. Paragraph 30 refers to destructive devices with a 2 level enhancement which the Defendant again challenges as being improper.

8. The Defendant does not challenge the 2 level increase based upon one of the firearms having a defaced serial number.

9. Paragraph 32 of the Report applied a 4 level increase based on the firearms being possessed in connection with another felony. This increase is not support by any facts admitted by the Defendant or charged in the Indictment.

10. The Defendant contends, therefore, that his Total Offense Level should be 16. Applying a 3 level reduction for acceptance of responsibility the Defendant's Offense Level should be 13 rather than Level 33 as concluded in paragraph 68 of the Report. The Defendant

contends that his adjusted Offense Level should be 13 and that his sentencing range should be from 12 to 18 months.

                                              Respectfully submitted,

                                              /S/MICHAEL FRIEDMAN
                                              MICHAEL S. FRIEDMAN
                                              Attorney for Defendant
                                              240 Daines Street
                                              Birmingham, Michigan 48009
                                              (248) 258-2833
                                              Friedman364@aol.com
                                              P13728

DATED: August 19, 2005

      I hereby certify that on August 19, 2005, I electronically filed the foregoing paper with the clerk of the court using the ECF system which will send notification of such filing to the following: Graham Teall, Assistant U.S. Attorney.

                                              S/MICHAEL S. FRIEMDAN
                                              MICHAEL S. FRIEDMAN (P13728)
                                              Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNTIED STATES OF AMERICA,

    Plaintiff,

-vs-                                              Case No.  04-CR-80592-DT-01
                                                    HON.  DENISE PAGE HOOD

SHERMAN JACKSON,

    Defendant.

_____/

## MEMORANDUM OF LAW IN SUPPORT
## OF OBJECTION

In 1986 the Defendant was placed on a period of probation following his guilty plea to the offense of Receiving and Concealing Stolen Property.  On May 25, 2004 ATF Agents executed a search warrant at the Defendant's residence and the five firearms which are the subject matter of the instant Indictment were seized and the Defendant was subsequently charged with Felon in Possession of Firearms, contrary to 18 U.S.C. § 922(g)(1).  Neither the Indictment nor the statements by the Defendant at the time his plea was offered contained any facts other than the following:

    1.    Defendant was convicted of a felony in 1986.
    2.    Defendant was in possession of five firearms.
    3.    One of these firearms had a defaced serial number.

It is the Defendants contention that if any of the conclusions found in the Presentence Report are used to enhance his sentence it would be a violation of the Sixth Amendment and the holding of the Supreme Court in *United States v. Booker*, 185 S. Ct. 738 (2005).  The *Booker* decision held that:

> (A)ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by the plea of guilty or a jury verdict must be admitted by the Defendant or proved to a jury beyond a reasonable doubt. 125 S. Ct. at 756.

The Defendant further contends that practically all of the information used to enhance the Guidelines was gleaned from ATF reports that reference information supplied by an anonymous

source. As such, the policy statement found in § 6A1.3(a) of the Guidelines clearly demonstrates that the information used to enhance should not be considered by the Court since it does not have "sufficient indicia of reliability to support its probable accuracy". See, for example, *United States v. Yagar*, 404 F.3d 967, 972 (6th Cir. 2005). *Yagar* involved a Defendant who pleaded guilty to mail theft and received an enhancement at sentencing based upon the amount of loss and the number of victims. The Defendant claimed that the enhancement was improper because it was based on facts which were neither presented to a jury nor admitted by her. The decision held as follows:

> The district court relied on judge - found facts to apply two sentence enhancements in the present case, ... The record indicates that *Yagar's* admissions were insufficient to justify either of these enhancements. ... The district court reliance on judge - found facts to increase her sentence was a violation of the Supreme Court's 6th Amendment holding in *Booker*. 404 F. 3d at 969.

The Court of Appeals opinion continued by referring to testimony contained in the court record and the failure of the government to point to any "substantive evidence in the record" supporting its contention that a number of victims were not reimbursed for their loss. 404 F. 3d at 972. The decision concluded by holding that findings under the Guidelines must be based on a preponderance of reliable evidence and the district court was instructed that the evidence contained in the record was insufficient to support an enhancement.

This Court is also referred to the recent decision of the 6th Circuit in *United States v. Smith*, 404 F. 3d 1019 (6th Cir. 2005). The Defendant in that case was also charged with a violation of 18 U.S.C. § 922 (g). Although there was testimony relating to an attempted robbery received during the Defendant's trial, the Court held it was improper to calculate Defendant's Guidelines based on a conclusion that the firearm was used in connection with the attempted commission of another offense. The Court held that the jury made no finding that the Defendant committed another crime, and notwithstanding the fact the jury heard evidence relating to that offense, these facts were not sufficient to enhance. The *Smith* case should be compared with the facts involved in the instant matter where information relating to the alleged involvement of the Defendant in the drug business of another individual has absolutely no support in the record before this Court.

Finally, the contention that the Defendant should receive enhancements for his claimed possession of M-80 explosives devices is not supported by the record. The M-80s were not charged in the Indictment, the Defendant did not admit at his plea that he possessed these items nor did he ever admit they were explosives. The government has not claimed that these items are covered by the language found in 26 USC § 5845(f). In fact, these items are firecrackers - loud and dangerous, but not "bombs". The conclusionary statements contained in the Presentence Report to the effect that enhancements should be made based on these facts cannot be supported for the reasons stated above.

                                              Respectfully submitted,

/S/MICHAEL FRIEDMAN
MICHAEL S. FRIEDMAN
Attorney for Defendant
240 Daines Street
Birmingham, Michigan 48009
(248) 258-2833
Friedman364@aol.com
P13728

DATED: August 19, 2005

      I hereby certify that on August 19, 2005, I electronically filed the foregoing paper with the clerk of the court using the ECF system which will send notification of such filing to the following: Graham Teall, Assistant U.S. Attorney.

                                                S/MICHAEL S. FRIEMDAN
MICHAEL S. FRIEDMAN (P13728)
Attorney for Defendant